IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | x | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VERMILLION, INC.,[1] | : | Case No. 09-11091 (CSS) |
| | : | |
| Reorganized Debtor. | : | Re: Docket Nos. 29, 72, 303, 320, and 340 |
| | : | |
| | : | |
| | x | |

## CERTIFICATION OF COUNSEL REGARDING AGREED ORDER GRANTING MOTION FOR AN ORDER AUTHORIZING A REDUCED DISTRIBUTION UNDER THE MANAGEMENT INCENTIVE PLAN

The undersigned counsel to the reorganized debtor in the above-captioned bankruptcy case, Vermillion, Inc. ("Vermillion" or the "Company"), hereby certifies the following:

1. On April 21, 2009, Vermillion filed that certain Debtor's Motion for Entry of an Order Approving the Debtor's Incentive Plan and Authorizing Payments Thereunder Pursuant to §§ 363(b) and 503(b) of the Bankruptcy Code (the "Incentive Plan Motion") [D.I. 29]. The Incentive Plan Motion sought to provide certain incentives to the Incentive Plan Participants, who were Gail Page, James Burns and John Hamilton (the "Directors"), to use their "substantial experience and institutional knowledge" to help achieve a successful sale or restructuring of the Debtor. Incentive Plan Motion ¶ 9.

2. Following extensive negotiations with the Creditors' Committee and Quest Diagnostics, Inc., and a hearing on June 22, 2009, this Court thereafter entered that certain Order Approving Debtor's Motion for Entry of an Order Approving the Debtor's Incentive Plan

---

[1] The address of the Debtor's principal executive offices is 47350 Fremont Blvd., Fremont, California 94538. The Debtor's EIN is 33-0595156.

and Authorizing Payments Thereunder Pursuant to §§ 363(b) and 503(b) of the Bankruptcy Code (the "Incentive Plan Order") [D.I. 72]. The Incentive Plan Order provided the Debtor with the authority to make the Incentive Plan Payments pursuant to the formula described in the Incentive Plan Motion. Specifically, the Incentive Plan Order authorized the Debtor to make Incentive Plan Payments in the amount of (i) zero, on Qualified Transaction Proceeds of $3 million or less, (ii) 6% on Qualified Transaction Proceeds of $3,000,001 to $10 million, and (iii) 8% on Qualified Transaction Proceeds of greater than $10 million.

3. On January 7, 2010, the Court entered an order confirming the Debtor's First Amended Plan of Reorganization (the "Plan"). The Plan paid all creditors in full and reinstated all equity, which at the time of confirmation had a value in excess of $225 million, although such value is now significantly higher. Based on the distributions made under the Plan, this formula would result in automatic Incentive Plan Payments that the Debtor believes would amount to almost $18 million in cash.[2] The Debtor, nevertheless, agreed to seek approval from the Court of any Incentive Plan Payments following confirmation of a plan and indicated that the Directors expressed a willingness to cap the cash component of Incentive Plan Payments at $10 million.

4. On February 12, 2010, Vermillion filed that certain Preliminary Statement of the Reorganized Debtor Regarding Formation of a Special Committee to Evaluate Distributions Under the Management Incentive Plan (the "Preliminary Statement") [D.I. 303]. The Preliminary Statement apprised the Court that the Special Committee had been formed to fully evaluate the distributions under the Incentive Plan to the Incentive Plan Participants. The Special Committee, comprised of the Company's independent director, evaluated a number of

---

[2] This calculation does not include as a "distribution" the $43 million in new equity that was raised or the equity of the Directors that was reinstated, the inclusion of which would have resulted in significantly higher Incentive Play Payments.

factors in forming its recommendation on the Incentive Plan Payments, including: (i) the Directors' efforts in moving the Debtor through both the FDA approval and chapter 11 processes, recognizing that the Debtor did not retain an investment banker, (ii) the specific terms and conditions of the Incentive Plan and the Incentive Plan Order, and (iii) the views of the Company's principal equity holders, as well as the Equity Committee, all of whom the Special Committee contacted. In addition, the Special Committee retained a renowned expert in executive compensation, Mercer Consulting ("Mercer"), who independently analyzed not only the compensation contemplated by the Incentive Plan Order, but also whether the proposed structure would be consistent with the Company's business judgment.

5. After evaluating these factors, on February 26, 2010, Vermillion filed that certain Motion of the Reorganized Debtor By and Through the Special Committee For An Order Authorizing a Reduced Distribution Under the Management Incentive Plan (the "Reduced Distribution Motion")[3] [D.I. 320]. The Reduced Distribution Motion recommended, rather than $18 million in cash, that the Incentive Plan Payments be made to the Directors in the reduced aggregate amount of $15 million, split evenly between (i) cash and (ii) restricted stock distributions to be paid out over 24 months. While the amounts were less than those that the Debtor believes were approved in the Incentive Plan Order – or the amounts sought by the Directors – the Special Committee believed that the Incentive Plan Payments were fair and reasonable under the circumstances and aligned squarely with the interests of the Company, its stockholders and the Directors.

6. Notwithstanding the reduction and other changes embodied in the Reduced Distribution Motion, the Equity Committee continued to object to the payment of the

---

[3] Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the Reduced Distribution Motion.

Incentive Plan Payments. In connection with the Reduced Distribution Motion, the parties entered into a stipulated scheduling order that the Court approved by an order entered on March 9, 2010. See Order Approving Stipulation In Connection With the Motion of the Reorganized Debtor By and Through the Special Committee For An Order Authorizing a Reduced Distribution Under the Management Incentive Plan (the "Scheduling Order") [D.I. 340]. Among other things, the Scheduling Order set forth various deadlines for fact and expert discovery and pretrial briefing, and set trial dates for the Reduced Distribution Motion of June 16 and 17, 2010.

7. Following extensive negotiations between the Company, the Special Committee, the Directors and the Equity Committee, an agreement has now been reached to seek Court approval of agreed-upon further modified terms and conditions of Incentive Plan Payments. Specifically, the parties ask the Court to approve total Incentive Plan Payments of $12.5 million, with 60% in restricted stock. This sum represents a large aggregate reduction (as well as a shift from cash to restricted stock) from the $18 million in cash payments that the Debtor believes are called for by the Incentive Plan Order and a significant reduction from the $15 million in aggregate Incentive Plan Payments sought in the Reduced Distribution Motion. Accordingly, the Debtor now requests the Court enter a modified award of the Incentive Plan Payments as set forth in the form of order (the "Order") attached hereto as Exhibit A.

8. As a result of these negotiations, the parties have agreed to and executed the Revised Management Incentive Plan Term Sheet (the "Term Sheet"), a copy of which is attached hereto as Exhibit 1 to the Order. The parties to the Term Sheet agreed on the amount and form of the Incentive Plan Payments to be requested to be approved by the Court. Specifically, the parties agreed to ask the Court to approve Incentive Plan Payments to the Directors in the aggregate amount of $5,000,000 in cash and 302,541 shares of Common Stock

priced at $24.79 per share (amounting to $7,499,991.39 in restricted stock), which will vest over 24 months beginning on June 22, 2009.[4] While this agreement represents a reduction in aggregate compensation, the terms and vesting of the restricted stock is consistent with the Reduced Distribution Motion and Mercer's recommendation. Accordingly, the Debtor requests that the Court approve the Incentive Plan Payments as set forth in the Term Sheet.

9. Because the sole objection to the relief requested in the Reduced Distribution Motion is resolved through the Order, the undersigned respectfully requests that the Court enter the Order without further notice or a hearing. However, mindful of the Court's own concerns about this issue, if the Court does not enter the Order before the next scheduled omnibus hearing in this case, which is set for April 19, 2010, Vermillion respectfully requests the opportunity to present the Order to the Court along with evidence supporting the relief proposed to be granted therein.

WHEREFORE, the undersigned respectfully requests that (i) this Court enter the Order; and (ii) in the event that the Court does not enter the Order prior to the April 19, 2010 omnibus hearing to be held in this case, that Vermillion be permitted to present the Order to the Court at that time.

---

[4] The total Incentive Plan Payments are to be allocated to Gail Page, James Burns and John Hamilton on a 60%-20%-20% basis, respectively, or as otherwise may be agreed to in writing by Gail Page, James Burns and John Hamilton.

| | |
|---|---|
| Dated: April 13, 2010 | **WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**<br><br>*/s/ Thomas M. Horan*<br>―――――――――――――――――<br>Francis A. Monaco, Jr. (DE Bar No. 2078)<br>Mark L. Desgrosseilliers (DE Bar No. 4083)<br>Thomas M. Horan (DE Bar No. 4641)<br>222 Delaware Avenue, Suite 1501<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330<br><br>*Counsel for the Debtor and Debtor-in-Possession*<br><br>- and -<br><br>Thomas L. Kent<br>Paul, Hastings, Janofsky & Walker LLP<br>75 East 55th Street<br>New York, NY 10022<br>Tel: (212) 318-6060<br>Facsimile: (212) 230-7899<br>E-mail: thomaskent@paulhastings.com<br><br>- and -<br><br>Richard A. Chesley<br>Paul, Hastings, Janofsky & Walker LLP<br>191 N. Wacker Drive, Suite 3000<br>Chicago, Illinois 60606<br>Tel: (312) 499-6000<br>Facsimile: (312) 499-6100<br>E-mail: richardchesley@paulhastings.com<br><br>*Special Counsel for the Debtor and Debtor-in-Possession* |