# Exhibit A
# (Proposed Modified Order)

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                    : Chapter 11
                                          :
VERMILLION, INC.,[1]                      : Case No. 09-11091 (CSS)
                                          :
              Reorganized Debtor.         : Re: Docket No. 320
                                          :
------------------------------------------------------------x

## ORDER GRANTING MOTION FOR AN ORDER AUTHORIZING A REDUCED DISTRIBUTION UNDER THE MANAGEMENT INCENTIVE PLAN

This matter coming before the Court on Motion of the Reorganized Debtor By and Through the Special Committee For An Order Authorizing a Reduced Distribution Under the Management Incentive Plan (the "Reduced Distribution Motion") [D.I. 320]; having reviewed the Reduced Distribution Motion and having scheduled a hearing before the Court (the "Hearing"); the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Reduced Distribution Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Reduced Distribution Motion is necessary and essential for the Reorganized Debtor's reorganization and such relief is in the best interests of the Reorganized Debtor, its estates and its creditors; and good and sufficient cause having been shown;

---

[1] The address of the Debtor's principal executive offices is 47350 Fremont Blvd., Fremont, California 94538. The Debtor's EIN is 33-0595156.

WCSR 4346414v2

IT IS HEREBY ORDERED THAT:

1. The Reduced Distribution Motion is GRANTED as modified herein.

2. The Reorganized Debtor is hereby directed to distribute $5,000,000 in cash and $7,499,991.39 in restricted stock (as described in the Certification of Counsel in respect of the Reduced Distribution Motion, filed on April 13, 2010 and the Revised Management Incentive Plan Term Sheet, attached hereto as <u>Exhibit 1</u>) in Incentive Plan Payments to the Incentive Plan Participants. All such restricted stock is to be distributed, with 1/24th of it to vest each month beginning June 22, 2009. The total Incentive Plan Payments are to be allocated to Gail Page, James Burns and John Hamilton on a 60%-20%-20% basis, respectively, or as otherwise may be agreed to in writing by Gail Page, James Burns and John Hamilton. The Reorganized Debtor is further authorized to take any and all actions necessary or appropriate in connection therewith.

3. Notwithstanding the possible application of any rule under the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
      Wilmington, Delaware

                                                HONORABLE CHRISTOPHER S. SONTCHI
                                                UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1
## (Revised Management Incentive Plan Term Sheet)

# REVISED MANAGEMENT INCENTIVE PLAN TERM SHEET

The Revised Management Incentive Plan Term Sheet (the "Term Sheet") reflects the foregoing terms, as agreed upon by the reorganized debtor ("Vermillion"), its Board of Directors and the Official Committee of Equity Security Holders (the "Equity Committee") (collectively, the "Parties"). Other than the agreement to stay discovery and other deadlines, the agreement described herein is contingent upon entry by the Bankruptcy Court of an order acceptable to the Parties. In the event that the Bankruptcy Court does not approve such an order, the Parties shall attempt to reach agreement on a revised schedule to resolve the Reduced Distribution Motion, and this Term Sheet and the terms embodied herein shall be treated as an offer to compromise pursuant to Federal Rule of Evidence 408.

| ISSUE | AGREED-UPON TERMS |
|---|---|
| Incentive Plan Payment[1] recipients | Gail Page, James Burns and John Hamilton. |
| Cash portion of Incentive Plan Payment | $5,000,000 |
| Restricted Stock portion of Incentive Plan Payment | 302,541 shares of Common Stock, at par value $.001 |
| Distribution Amongst Directors | The total Incentive Plan Payments are to be allocated to Gail Page, James Burns and John Hamilton on a 60%-20%-20% basis, respectively, or as otherwise may be agreed to in writing by Gail page, James Burns and John Hamilton. |
| Restricted Stock – Vesting Schedule | All restricted stock would be distributed, 1/24th of which would vest each month, beginning June 22, 2009 (the date of the Incentive Plan Order). |
| Restricted Stock – Price | The restricted shares are to be valued at $24.79 per share, the last sale price on January 7, 2010, the date when the Company's plan of reorganization was confirmed. |
| Effectuation of Compromise | The Reorganized Debtor will effectuate the above terms by promptly filing with the Bankruptcy Court a Certification of Counsel, accompanied by an amended proposed order that reflects the terms in this Term Sheet (with both the Certification of Counsel and the proposed order to be in a form acceptable to the Equity Committee). The Equity Committee agrees to support the entry of the amended |

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Debtor's Motion for Entry of an Order Approving the Debtor's Incentive Plan and Authorizing Payments Thereunder Pursuant to §§363(b) and 503(b) of the Bankruptcy Code [Docket No. 29].

| | order. |
| --- | --- |
| | Upon the agreement of the Reorganized Debtor and the Equity Committee on this Term Sheet, all discovery and other deadlines related to the Motion will be stayed. |

## ACCEPTED AND AGREED TO BE BOUND:

By: _____

Print Name: _____
        *Counsel for Vermillion*


By: _____

Print Name: _____
        *Counsel for Equity Committee*


By: _____

Print Name: _____
        *Counsel for the Board of Directors*

|  | order. |
|  | Upon the agreement of the Reorganized Debtor and the Equity Committee on this Term Sheet, all discovery and other deadlines related to the Motion will be stayed. |

ACCEPTED AND AGREED TO BE BOUND:

By: _____

Print Name: Richard A. Chesley
*Counsel for Vermillion*


By: _____

Print Name: _____
*Counsel for Equity Committee*


By: _____

Print Name: _____
*Counsel for the Board of Directors*

| | order. |
| --- | --- |
| | Upon the agreement of the Reorganized Debtor and the Equity Committee on this Term Sheet, all discovery and other deadlines related to the Motion will be stayed. |

**ACCEPTED AND AGREED TO BE BOUND:**

By: _____

Print Name: _____
               *Counsel for Vermillion*

By: _____*[signature]*_____

Print Name: __PHILIP BENTLEY__
               *Counsel for Equity Committee*

By: _____

Print Name: _____
               *Counsel for the Board of Directors*

|  | order. |
|  | Upon the agreement of the Reorganized Debtor and the Equity Committee on this Term Sheet, all discovery and other deadlines related to the Motion will be stayed. |

**ACCEPTED AND AGREED TO BE BOUND:**

By: _____

Print Name: _____
*Counsel for Vermillion*


By: _____

Print Name: _____
*Counsel for Equity Committee*

By: *Daniel J. DeFranceschi* (signature)

Print Name: Daniel J. DeFranceschi
*Counsel for the Incentive Plan Directors*